UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In the matter of:

**Duane C. Beedle,**

Debtor

Chapter 13
Case No. 14-10471

### TRUSTEE'S OBJECTION TO CONFIRMATION OF AMENDED PLAN

NOW COMES the standing Chapter 13 trustee, Peter C. Fessenden, by and through his undersigned staff attorney, and objects to confirmation of the amended plan (docket # 33), as follows:

1. The plan provides for the trustee to pay $4,800 in mortgage arrears to US Bank / Nationstar to cure the Debtor's default. The Bank has filed a proof of claim asserting that it is owed $8,225.04 in arrears. If the proof of claim is accurate, the plan might not be feasible.

2. The plan provides for the Debtor to make direct payments to KV Federal Credit Union on a claim secured by a 2008 Toyota Tundra. The plan states that the "loan is actually in cousin's name but Duane makes payments because collateral is jointly owned by John Beedle." The trustee needs clarification on the loan. The Debtor should provide the trustee with a copy of the loan documents and the vehicle's title certificate. Depending on the circumstances, it could be appropriate for the plan to either provide for the Debtor to maintain direct payments, cease doing so, or for the trustee to pay the vehicle claim.

3. The plan is inconsistent regarding the minimum pot of funds for general unsecured claims. Page 5 has $4,188.72, but page 10 has $1,538.49.

4. Following the October 24, 2014 meeting of creditors, the trustee requested:

    a. Copies of all bank statements showing the balances of the Debtor's accounts as of the case's date of filing (June 17, 2014) and date of conversion (Sept. 15, 2014). The trustee has received bank statements for the date of conversion but not for the date of filing.

    b. List of all items sold by the Debtor since June 17, 2013 through the present including (a) description of item, (b) date of sale, (c) sale price, (d) name and address of purchaser and (e) purchaser's relationship to the Debtor. The Debtor amended his Statement of

      Financial Affairs (docket #37) on December 10, 2014 to disclose several transfers to his cousin, John Beedle. Only one of the transfers is described as a sale, which could mean the others were gifts. The Debtor should clarify. Also, the amended statement does not appear to include all of the information requested by the trustee.

    c. Copy of the deed(s) to the Debtor's real estate and current mortgage documents so the trustee can sort out whether the Nationstar mortgage(s) encumbers all or only a portion of the Debtor's real estate.

    d. A copy of the Debtor's divorce judgment and any financial disclosures from the divorce proceeding. The trustee received a copy of the financial disclosures, but not the divorce judgment. The April 2011 financial disclosures identify assets that are not listed on Schedule B, and the Debtor should report the disposition of each such asset, in particular:

        i. A 1977 Corvette;

        ii. A 2002 Toyota Camry; and

        iii. A 2002 Mazda 5.

The requested information could be relevant to whether the plan is proposed in good faith, satisfies the liquidation test, and is feasible as required by 11 U.S.C. §§ 1325(a)(3), 1325(a)(4), and 1325(a)(6). Therefore, the trustee objects to confirmation on those grounds.

5. According to the information provided to the trustee, the schedules could understate the value of the Debtor's real estate in Belgrade. It is also unclear whether the entire parcel is encumbered by the Debtor's mortgage(s) with US Bank / Nationstar. As such, the plan might not accurately state or satisfy the requirements of the liquidation test as required by 11 U.S.C. § 1325(a)(4).

6. The Debtor filed an amendment to schedules B and C on December 10, 2014 (docket #37). The amendment is vague as to the basis of the claimed exemption(s) because it does not cite the statutory authority of the exemption(s). In addition, it is unclear whether the schedules accurately identify the values of the Debtor's tractor and tools. As such, the plan might not accurately state or satisfy the requirements of the liquidation test as required by 11 U.S.C. § 1325(a)(4).

7.  The Debtor's ex-wife, Julie Beedle, has objected to confirmation. The trustee reserves the right to review and object to any plan amendments proposed to resolve Ms. Beedle's objection. The outcome of the objection could affect whether the Debtor can propose an otherwise confirmable plan that he can afford.

WHEREFORE, the trustee respectfully requests that this Court deny confirmation of the plan, together with such other relief as this Court finds just and reasonable.

Respectfully Submitted:

Date: January 8, 2015

/s/ *William H. Sandstead*

WILLIAM H. SANDSTEAD, Esq.
PETER C. FESSENDEN, Esq., Trustee
Standing Chapter 13 Trustee
Post Office Box 429
Brunswick, Maine  04011-0429
(207) 725-1300

CERTIFICATE OF SERVICE
FOR ELECTRONIC CASE FILING

I, **William Sandstead, Esq.**, hereby certify that I caused a true and correct copy of the following documents(s) to be served today on the parties listed below as follows:

**Document(s) Served:** Trustee's objection, filed herewith

**Service electronically via the Court's ECF system to**:

Joseph O'Donnell, Esq., Debtor's Counsel
Stephen Morrell, Esq., Assistant U.S. Trustee
*All other parties listed on N.E.F. as being served electronically.*

**Service by U.S. first class mail, postage prepaid, to:**

Duane C Beedle
389 Knowles Road
Belgrade, ME 04917

Signed:

Date: January 8, 2015

/s/ *William H. Sandstead*

WILLIAM H. SANDSTEAD, Esq.