UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Duane C. Beedle**,

Debtor

Chapter 13

Case No. 14-10471

### ORDER CONFIRMING CHAPTER 13 PLAN
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

After notice and hearing on confirmation of the debtor's Chapter 13 plan, the Court finds that it complies with all provisions of Title 11 and that it is in the best interests of all creditors, the debtor and the estate. It is hereby ORDERED that the debtor's Chapter 13 plan dated July 9, 2015, as appears on the court docket as Docket Entry [# 94], is confirmed as filed or modified as set forth below. Terms of the plan not expressly modified by this order are incorporated herein and made a part hereof by reference. The Court retains jurisdiction to make such other and further orders as may be necessary or appropriate to effect the plan and this order.

I.      The following modifications to the plan are hereby ORDERED:

A.  As of August 2015 (mo. 11), the Debtor has paid the trustee $2,029.65, not including excess tax refunds. The Debtor has also paid the trustee $2,796.00 that is deemed to be payment for the portion of his 2014 income tax refunds due to the plan.

B.  The Debtor shall continue to pay the trustee as follows:

   a.  $735.00 per month starting September 2015 for 47 months (mos. 12-58); and

   b.  $734.38 in August 2019 for 1 month (mo. 59).

C.  In addition, the Debtor shall pay the trustee:

   a.  A lump sum payment from the sale of real estate articulated below in the amount of $36,290.97 by June 2016 (Mo. 21).

   b.  A lump sum payment (expected from the portion of the Debtor's 2015 income tax refunds that he would ordinarily be allowed to retain) in the amount of $1,200.00 by April 2016 (Mo. 19).

   c.  A lump sum payment (expected from the portion of the Debtor's 2016 income tax refunds that he would ordinarily be allowed to retain) in the amount of $1,200.00 by April 2017 (Mo. 31).

D. The plan shall be 59 months long.  The total to be paid to the trustee is $76,000.00 (the base plan).

E. The Debtor shall also pay the trustee as additional plan contributions all other state and federal tax refunds in excess of $1,200.00 per year, per debtor.

F. Schedule III of the Plan about the sale of real estate is amended to the following:

   a. A portion of the homestead real estate located at 389 Knowles Road, Belgrade, Maine, consisting of 3.5 acres of land, more or less, with the buildings thereon, described in deed recorded in Kennebec County Registry of Deeds, Book 4675, Page 292 has been listed for sale and it is estimated that there will be a sales price of $176,000.

   b. After the payment of usual closing costs, including recording fees and transfer taxes, any unpaid postpetition real estate taxes to the Town of Belgrade, and broker's commissions, the trustee, from the net proceeds paid to him at the sale (see above), will pay any remaining balance of the Town of Belgrade's secured claim for unpaid prepetition property taxes (claim #8), any remaining balance of U.S. Bank, N.A.'s claim for prepetition mortgage arrears (claim #7), and any remaining balance of the State of Maine's secured claim (claim #5). The remaining balance of U. S. Bank's mortgage claim (claim #7) shall be paid directly at the closing and not by the trustee from the remaining sales proceeds.

   c. All remaining proceeds shall be paid directly at the closing and not by the trustee to Citibank (South Dakota) N.A. and to FIA Card Services. NA. on account of their judicial liens, and to the extent that these are not paid in full at closing, the liens will no longer attach to the real estate described in deed recorded in Kennebec County Registry of Deeds, Book 4675, Page 292, but will remain in full force against the real estate described in deeds recorded in Kennebec County Registry of Deeds in Book 5147, Page 279 and Book 7515, Page 76.

   d. The debtor will retain as his homestead the real estate described in Kennebec County Registry of Deeds, Book 5147, Page 279 and Book 7515, Page 76.

II.     It is FURTHER ORDERED as follows:

A.     If the plan contemplates litigation or the sale of assets as a source of funding, the debtor shall file any application to employ the necessary professionals within 30 days of the date of this order.

B.     As soon as practicable after the claims bar date, but no later than 90 days thereafter, the debtor shall file a motion to allow or disallow claims. The debtor may join that motion with such other motions as may be appropriate.

C.     A temporary reduction or suspension of the debtor's payments for up to ten weeks may be granted at the trustee's discretion without further notice or hearing, except that the trustee may not suspend the debtor's obligation to make the portion of any payment administered by the trustee during the plan for long-term debt that will survive the debtor's discharge (e.g., mortgage obligations). Any other reduction or suspension of payments may be allowed only after notice and hearing upon motion to the Court.

D.     Whether or not provided in the plan, the debtor shall pay to the trustee as additional plan contributions all tax refunds, combined state and federal, in excess of $1,200 per year, per debtor. The debtor shall submit to the trustee copies of federal and state income tax returns each year during the term of the plan within 14 days of the filing of such returns with the appropriate tax authorities.

E.     The debtor shall pay all postpetition tax liabilities as they fall due except as provided in the plan or as may be permitted by further Court order.

F.     The trustee is not precluded from raising pre-confirmation defaults in any post-confirmation proceeding.

G.     Tax authorities are hereby granted relief from the automatic stay for the limited purpose of setting off pre-petition tax refunds against like pre-petition tax indebtedness.

H.     All property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the Court's jurisdiction notwithstanding 11 U.S.C. § 1327(b).

The Clerk shall make an appropriate entry on the docket.

Date: September 4, 2015

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine